UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ADARIUS HARRIS,

    Petitioner,

v.                                      Case No. 1:17cv211-AW-HTC

MARK S. INCH,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court upon Petitioner Adarius Harris' petition for writ of habeas corpus filed under 28 U.S.C. § 2254. ECF Doc. 1. Respondent moved to dismiss the petition on grounds of procedural default, ECF Doc. 30, and Petitioner has responded in opposition. ECF Doc. 40 & 42. The matter is referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned recommends that the petition be dismissed without an evidentiary hearing, as it is procedurally barred.

**I.    Background**

On September 29, 2010, Harris was indicted for First Degree Murder (Count I) and Attempted Home Invasion Robbery (Count II) in Alachua County Circuit Court Case No. 01-2010-CF-003712-A. ECF Doc. 30-1 at 73-74. On August 11, 2011, following a jury trial, Harris was found guilty on both counts. *See id.* at 125-26. On October 20, 2011, a

judgment of conviction was entered sentencing Harris to life in prison for Count I and thirty years in prison for Count II, to run concurrently with his life sentence. *Id.* at 143-44. Harris was also given 402 days of jail credit. *See id.*

Harris appealed his judgment to the First District Court of Appeal (hereafter "1st DCA") (ECF Doc. 30-1 at 160), which *per curiam* affirmed his judgment and sentence without written opinion on September 27, 2012, in Case No. 1D11-5752. *Harris v. State*, 97 So.3d 221 (Fla. 1st DCA 2012). The court's mandate issued on October 15, 2012. ECF Doc. 30-10 at 18. Harris filed a *pro se* Motion to Correct Sentence in state circuit court on April 9, 2013 (per mailbox rule[1]) (ECF Doc. 30-10 at 2), which was summarily dismissed on April 17, 2013. *Id.* at 6. On June 5, 2014, Harris filed (per mailbox rule) a second *pro se* Motion to Correct Illegal Sentence in the state circuit court (ECF Doc. 30-10 at 21), which was granted on June 12, 2014. *Id.* at 26. In the court's order granting Harris's motion, the court directed the clerk to amend Harris's judgment to reflect the correct degree of the crime in Count II as a second-degree felony and reduce Harris's sentence for Count II to ten years' imprisonment. *Id.* A modified judgment was entered, *nunc pro tunc*, on June 23, 2014. ECF Doc. 30-10 at 45. Harris did not file a direct appeal of that modified judgment; thus, the judgment became final thirty days later, on July 23, 2014.

---

[1] See *Houston v. Lack*, 487 U.S. 266, 275-76 (1988) (Under the "prison mailbox rule," a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing.).

On June 17, 2014, Harris filed (per mailbox rule) a *pro se* Motion for Postconviction Relief in the state circuit court asserting two grounds of relief for ineffective assistance of trial counsel (hereafter "IATC").  ECF Doc. 30-8 at 29.  Harris subsequently filed an amended *pro se* Motion for Postconviction Relief (titled "Supplemental Amended Motion for Postconviction Relief") on July 22, 2014 (per mailbox rule) to add five additional grounds of relief based on IATC.  ECF Doc. 30-8 at 61.  On August 6, 2016, Harris filed (per mailbox rule) a *pro se* Petition for Writ of Mandamus in the 1st DCA to compel the state circuit court to rule on his Motion for Postconviction Relief.  ECF Doc 30-9 at 29.  The 1st DCA dismissed the petition as moot on September 22, 2016 (ECF Doc. 30-9 at 47) after the circuit court summarily denied all seven of Harris's IATC claims on August 23, 2016 (ECF Doc 30-8 at 329).  Harris appealed the circuit court's ruling to the 1st DCA (ECF Doc. 30-8 at 328), which *per curiam* affirmed the denial of postconviction relief without written opinion on May 11, 2017, in *Harris v. State*, 226 So. 3d 817 (Fla. 1st DCA 2017).  The court's mandate issued on June 6, 2017. (ECF Doc. 30-9 at 27).

Harris filed the instant *pro se* federal Petition for Writ of Habeas Corpus (per mailbox rule) on August 5, 2017.

## II.   Analysis

Petitioner asserts the following two grounds for relief in the instant petition: (1) the trial court committed fundamental error in failing to instruct the jury on justifiable and excusable homicide directly after the instruction on the lesser-included offense of second-

degree murder despite doing so directly after the instructions for first-degree murder and for manslaughter; and (2) the trial court erred in allowing testimony that Harris had previously purchased marijuana from the victim's son at the victim's home. ECF Doc. 1. Respondent argues that both grounds are procedurally defaulted because Harris failed to raise the claims as federal constitutional claims on direct appeal in the state appellate court. ECF Doc. 30. Harris argues in his response that the case should be held in abeyance to allow him to return to state court to exhaust the claims and also that he falls within the "manifest injustice" exception to procedural default. ECF Doc. 40 & 42. As discussed below, however, the undersigned finds that Harris's claims are procedurally defaulted, that he is unable to avail himself of the manifest injustice exception, and that allowing Harris to return to state court is futile.

### A.     Harris Has Failed to Exhaust His State Remedies

As stated above, Harris raises two grounds for relief in the instant petition. Neither ground is premised on a violation of the Constitution or federal law. Harris's first ground for relief is premised on an alleged error by the trial judge when instructing the jury. Specifically, Harris contends that the trial judge committed a fundamental error when he failed to give the jury an instruction on justifiable and excusable homicide after reading the instruction on second-degree murder. ECF Doc. 30-7 at 80. Harris's second ground for relief is also premised on an error that occurred at trial and is limited to a state procedural issue i.e., allowing the state to present testimony that Harris had previously purchased

marijuana from the victim's son at the victim's residence. ECF Doc. 30-7 at 75-79. Harris does not mention or cite to federal law or the Constitution in his petition. Additionally, the undersigned has reviewed the cases Harris cites and none impact federal law or the Constitution.

Thus, as an initial matter, even if Harris's petition was not procedurally barred, it would still be subject to dismissal because it does not implicate a federal constitutional concern. 28 U.S.C. § 2254(a) provides that "[t]he Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court <u>only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States</u>." (emphasis added). Thus, a claim challenging "[a] state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." *McCullough v. Singletary*, 967 F.2d 530, 535 (11th Cir. 1992); *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) ("The habeas statute unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.") (internal quotations and citations omitted); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

In Harris' response (opposition) to the Respondent's motion to dismiss, he argues the trial issues he raises in his petition deprived him "of a fair and impartial trial, due process and equal protection of the law, as guaranteed by the Sixth (6th), and Fourteenth (14th) amendments of the United States Constitution, as well as, Article 1, Section 9, and 16, of the Florida Constitution." ECF Doc. 40 at 2. Even if the Court allowed Harris an opportunity to amend his petition to include these federal constitutional claims, his petition would still be due to be dismissed because Harris did not raise any federal constitutional claims in his state court proceedings or appeal. *See Ward v. Hall*, 592 F.3d 1144, 1156 (11th Cir. 2010) ("a critical prerequisite for any state petitioner seeking federal habeas relief is the requirement that he first properly raise the federal constitutional claim in the state courts").

Before bringing a § 2254 habeas action in federal court, a petitioner must exhaust all available state court remedies for challenging his conviction, 28 U.S.C. § 2254(b)(1),[2]

---

[2] Section 2254 provides, in pertinent part:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

   (A) the applicant has exhausted the remedies available in the courts of the State; or

   (B) (i) there is an absence of available State corrective process; or

      (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
. . . .
(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

thereby giving the state the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citation omitted)). The petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Picard*, 404 U.S. at 277-78. In addition, "the state court petition must make the state courts aware that the claims asserted do, in fact, raise federal constitutional issues." *Ward v. Hall*, 592 F.3d 1144, 1156 (11th Cir. 2010).

A claim that was not presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, i.e., procedurally barred from federal review. *O'Sullivan*, 526 U.S. at 839-40; *Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999); *Chambers v. Thompson*, 150 F.3d 1324, 1326-27 (11th Cir. 1998) (holding that federal habeas courts should enforce applicable state procedural bars even as to claims that were never presented to the state courts).

Harris does not dispute that he did not raise any federal claims before the state court; instead, he asks that this Court stay his petition and hold it in abeyance to allow him the opportunity to return to state court and exhaust his federal claims. Harris further argues, in the alternative, that the Court should allow him to proceed with his procedurally barred claims under the manifest injustice exception.

    **B.**    <u>**Request For Stay or Abeyance**</u>

The undersigned finds that this case should not be stayed or held in abeyance to allow Harris to return to state court to exhaust his federal claims because doing so in this instance would be futile. Both of Harris's grounds for relief involve claims of trial court error. Such claims of trial court error are properly brought on direct appeal in Florida state court, and not as a post-judgment motion. *See Arteaga v. State*, 246 So. 3d 533, 536 (Fla. 2d DCA 2018) ("claims of trial court error are ordinarily remediable on direct appeal and thus not cognizable in a motion for postconviction relief under rule 3.850"). In other words, because Harris's claims should have been brought on direct appeal, they cannot be brought by a Rule 3.850 motion. *See* Fla. R. Crim. P. 3.850(c) ("This rule does not authorize relief based on grounds that could have or should have been raised at trial and, if properly preserved, on direct appeal of the judgment and sentence."); *Bruno v. State*, 807 So. 2d 55, 63 (Fla. 2001) ("a claim of trial court error generally can be raised on direct appeal but not in a rule 3.850 motion"). Harris was resentenced on June 23, 2014. Thus, Harris had to file a direct appeal by July 23, 2014. Fla. R. App. P. 9.140(b)(3) (an appeal by a defendant in a criminal case is commenced by filing a notice of appeal "at any time between the rendition of a final judgment and 30 days following rendition of a written order imposing sentence"). The deadline for a direct appeal from judgment having expired, Harris is barred from now filing a direct appeal of his judgment under Florida law.

Because there are no procedural avenues remaining available under Florida law which would allow Harris to return to the state forum and exhaust the subject claims, the

claims are likewise procedurally foreclosed from federal review. *Collier v. Jones*, 910 F.2d 770, 773 (11th Cir. 1990) (finding dismissal of federal petition appropriate where the "claims are presented to the federal courts in a posture analogous to claims that have never been presented to a state court, and which have become procedurally barred under state law").

### C.   "Manifest Injustice" or "Miscarriage of Justice" Exceptions

A petitioner seeking to overcome a procedural default must show cause and prejudice, or a fundamental miscarriage of justice. *Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993). "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). The miscarriage of justice exception requires the petitioner to show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him." *Schlup*, 513 U.S. at 327. Further:

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.

*Id*.

Harris cannot invoke the miscarriage of justice or manifest injustice exception. The miscarriage of justice exception requires a petitioner to show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup*, 513 U.S. at 327. Although Harris raises the "manifest injustice" exception in his response to the motion to dismiss, he does not offer any argument supporting its application. ECF Doc. 40 at 2. Moreover, three witnesses to the home invasion and shooting testified they heard one of the home invaders referred to by the other home invaders as "Drop" and testified they knew Harris to be known by the nickname "Drop." ECF Doc. 30-7 at 63-73. Therefore, Harris has not alleged that any trial error "probably resulted in the conviction of one who is actually innocent." *See Schlup*, 513 U.S. at 327. Therefore, the manifest injustice exception does not apply to Harris's case.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining the meaning of this term) (citation omitted).  Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases.  If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1.  That the State's motion to dismiss (ECF Doc. 30) be GRANTED.

2.  That petitioner's petition for writ of habeas corpus (ECF Doc. 1) be DISMISSED WITH PREJUDICE.

3.  That the clerk be directed to close the file.

4.  That a certificate of appealability be DENIED.

At Pensacola, Florida, this 2nd day of August, 2019.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.